UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MARSHALL ALLEN COATS, Plaintiff, v. STEVE DUCKWORTH, ET AL Defendants. | Case No. 3:26-cv-05838-LK-TLF<br><br>ORDER TO SHOW CAUSE OR AMEND THE COMPLAINT |

This matter is before the Court on plaintiff's filing of a civil rights complaint. Dkt 1, Dkt. 4, Declaration. Plaintiff is unrepresented by counsel and seeks *in forma pauperis* status in this matter. Considering deficiencies in the complaint discussed below, however, the Court will not direct service of the complaint at this time. On or before October 1, 2026, plaintiff must either show cause why this cause of action should not be dismissed or file an amended complaint.

DISCUSSION

A pro se complaint must be held "to less stringent standards than formal pleadings drafted by lawyers" and "however inartfully pleaded," is "sufficient to call for the opportunity to offer supporting evidence." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980). The Court must dismiss the complaint of a prisoner proceeding *in forma pauperis* "at any time if the [C]ourt determines" that the action: (a) "is frivolous or

malicious"; (b) "fails to state a claim on which relief may be granted"' or (c) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(a), (b). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984), *abrogated on other grounds by Neitzke v. Williams*, 490 U.S. 319 (1989).

Before the Court may dismiss the complaint as frivolous or for failure to state a claim, though, it "must provide the [prisoner] with notice of the deficiencies of his or her complaint and an opportunity to amend the complaint prior to dismissal." *McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997); *see also Sparling v. Hoffman Constr., Co., Inc.*, 864 F.2d 635, 638 (9th Cir. 1988); *Noll v. Carlson*, 809 F.2d 1446, 1449 (9th Cir. 1987). On the other hand, leave to amend need not be granted "where the amendment would be futile or where the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." It also requires enough factual context to allow the opposing party to understand the nature of the allegations and prepare a response. *Id*. This requirement serves as a notice function that liberal construction cannot override.

To state a claim for relief, a complaint must contain "enough factual matter, accepted as true, to suggest" the elements of the claim, facts sufficient to "state a claim to relief that is plausible on its face," not merely conceivable. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). *Iqbal* extended this requirement to all civil actions

under Rule 8 and held that conclusory allegations are not entitled to a presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-81 (2009).

To state a claim under 42 U.S.C. § 1983, a complaint must allege: (1) the conduct complained of was committed by a person acting under color of state law, and (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985).

In his complaint, plaintiff names (1) Steve Duckworth, Kitsap County Sheriff's Office, (2) J Phipps, Correctional Officer, Kitsap County Jail, (3) William Houser, Kitsap County Superior Court Judge, (4) Shane R Seaman Kitsap County District Court Judge, (5) Timothy A Drury, Kitsap County District Court Judge, (6) Andrew Kalm, Attorney, Kitsap County Public Defender's Office, (7) Paul Timmons, Attorney, Kitsap County Public Defender's Office.

In Count I, plaintiff alleges violations of his “human and civil rights.” Dkt. 1-2 at 6. He alleges, among other things, that Steve Duckworth allowed an individual accused of crimes against children to remain on bail. *Id*. Plaintiff also alleges that the Kitsap County Sheriff’s Office assaulted him, committed libel and slander, and violated his rights by allegedly assisting law enforcement in breaking his right foot on September 17, 2022, and by denying him an attorney. *Id.* Dkt. 1-2 at 6.

In Count II, plaintiff again alleges violations of his “Human Rights and Civil Rights,” adding allegations concerning the Prison Rape Elimination Act (“PREA”) and assault. *Id.* at 7. These allegations appear to concern conditions of confinement in 2003.

Plaintiff alleges that he was innocent of the underlying charge and identifies five individuals, although only J. Phipps appears to be identified as a defendant, that participated in violations of his Eighth Amendment right to be free from cruel and unusual punishment. *Id*. Plaintiff also makes various allegations concerning his conviction and sentence. *Id*.

In Count III, he argues the defendants "violated [his] human rights and civil rights" and due process. Dkt. 1-2 at 8. These allegations concern his 2003 residential-burglary charge, which plaintiff contends was based on insufficient evidence. *Id*.

Plaintiff requests no-contact orders against all defendants, $20,000 per month for life to be placed in a trust account, $60,000 per month for the actions of unnamed defendants, and expungement and sealing of his criminal record. Dkt. 1-2 at 15.

The complaint is not a short, plain statement and therefore does not comply with Fed. R. Civ. P. 8(a). And the complaint fails to state a claim because the allegations are incoherent, there are numerous and generalized references to defendants and factual allegations that are unconnected to legal principles and doctrines he asserts. *See, e.g.*, *Elmore v. Islas,* No. 2:24-cv 01719-JLS-JDE, 2024 WL 3914651, at *3 (C.D. Cal. Mar. 26. 2024) (quoting Fed. R. Civ. P. 8(a)) (rejecting a complaint in which the "[f]actual allegations are scattered throughout the . . . pages of the Complaint, and not organized into a 'short and plain statement' of the claim."). And plaintiff fails to sufficiently connect his legal and factual assertions to the specific alleged actions or inaction of any named defendants. *See, e.g.*, *id*. at *4 (rejecting a complaint which "repeatedly refers to Defendants collectively, without any explanation regarding how each of the . . . Defendants participated in the wrongful acts."); *see also Mosely v. Covello*, No. 2:25-cv-

02951 SCR P, 2025 WL 3013728, at *3 (E.D. Cal. Oct. 28, 2025) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)) ("The complaint must also allege in specific terms how each named defendant is involved" and "'[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient.'"). Other issues include:

- **Eighth Amendment**

The Ninth Circuit has summarized, "After incarceration, only the 'unnecessary and wanton infliction of pain' ... constitutes cruel and unusual punishment forbidden by the Eighth Amendment….Under traditional Eighth Amendment analysis, we first consider whether there is an "infliction of pain," and, if so, whether that infliction is "unnecessary and wanton." *Jordan v. Gardner,* 986 F.2d 1521, 1525 (9th Cir. 1993) (internal quotations and citations omitted).

Plaintiff appears to contend that defendant J. Phipps participated in an incident in which plaintiff's foot was allegedly broken and that this conduct constituted cruel and unusual punishment. Dkt. 1-2 at 7. Plaintiff does not, however, provide sufficient factual allegations explaining what Phipps or any other specific person personally did or failed to do, when the conduct occurred, or how that conduct violated the Eighth Amendment.

Also, plaintiff's allegations about this Eighth Amendment claim refer to events in 2003 or September 2022; the claim therefore appears to be barred by the statute of limitations, as discussed below.

- **Qualified Immunity**

Under Section 1983, an inmate must show that each of the defendants was involved in violating the Constitution; liability of an official will only be found if there is

individual culpable action or inaction. *Hines v. Youseff,* 914 F.3d 1218, 1228 (9th Cir. 2019).

Unless plaintiff makes a two-part showing, qualified immunity shields government officials from liability. The plaintiff must show both: the official(s) violated a federal statutory or constitutional right, and at the time of the alleged act or failure to act, there was clearly established law that defined the contours of the federal right objectively putting the official(s) on notice – i.e., any reasonable official would understand that what they are doing is unlawful. *Escondido v. Emmons*, 139 S.Ct. 500 (2019); *District of Columbia v. Wesby*, 138 S.Ct. 577, 589 (2018).

Plaintiff does not adequately allege personal participation by several of the defendants. For example, plaintiff alleges that Steve Duckworth allowed another person to remain on bail and makes allegations concerning a drug ring. Dkt. 1-2 at 6. Plaintiff does not explain how these allegations concern a violation of plaintiff's own constitutional rights.

Plaintiff also appears to allege that J. Phipps participated in the alleged violation of plaintiff's Eighth Amendment rights. But plaintiff does not provide sufficient facts identifying what Phipps personally did, when Phipps did it, or how Phipps's conduct caused the alleged constitutional injury.

- **Improper Defendants**

**Judicial Defendants:** Defendants William Houser, Kitsap County Superior Court Judge, Shane R Seaman Kitsap County District Court Judge, and Timothy A Drury, Kitsap County District Court Judge. These are not proper defendants because plaintiff

alleges no facts showing participation and these defendants are subject to judicial immunity.

"Absolute immunity fails to attach to judicial officers only when they act clearly and completely outside the scope of their jurisdiction." *Demoran v. Witt*, 781 F.2d 155, 158 (9th Cir. 1985) (internal citations omitted). Judicial immunity is a benefit for the public "whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences." *Pierson v. Ray,* 386 U.S. 547, 554 (1967). "Anglo– American common law has long recognized judicial immunity, a sweeping form of immunity for acts performed by judges that relate to the judicial process." *In re Castillo*, 297 F.3d 940, 947 (9th Cir. 2002) (internal quotations omitted). Plaintiff alleges no facts suggesting these defendants acted outside their jurisdiction or performed nonjudicial acts.

**Public Defenders:** Andrew Kalm, Attorney, Kitsap County Public Defender's Office and Paul Timmons, Attorney, Kitsap County Public Defender's Office are not proper defendants.

A public defender performing traditional lawyer functions is not a state actor. *Polk County v. Dodson,* 454 U.S. 312, 324-25 (1981); *Miranda v. Clark County,* 319 F.3d 465, 468 (9th Cir. 2002). Accordingly, to the extent plaintiff seeks to recover damages against his public defenders for their actions as his public defender, his claims are not cognizable under §1983.

- **Statute of Limitations**

It appears plaintiff's claims would be subject to a motion to dismiss as untimely and barred by the statute of limitations. Although the statute of limitations is an

affirmative defense which normally may not be raised by the Court sua sponte, it may be grounds for sua sponte dismissal of an in forma pauperis complaint where the defense is complete and obvious from the face of the pleadings or the Court's own records. *See Franklin v. Murphy*, 745 F.2d 1221, 1228–30 (9th Cir. 1984).

The Civil Rights Act, 42 U.S.C. § 1983, contains no statute of limitations, but the statute of limitations from the state cause of action most like a civil rights act is used. In Washington, a plaintiff has three years to file an action. *Rose v. Rinaldi*, 654 F.2d 546 (9th Cir.1981); RCW 4.16.080(2).

Federal law determines when a civil rights claim accrues. *Two Rivers v. Lewis*, 174 F.3d 987, 991 (9th Cir.1999). A claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996); *see also Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir.2001) (quoting *Two Rivers*, 174 F.3d at 992).

The Court also applies the forum state's law on equitable tolling for actions arising under § 1983. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004).

In Washington, courts permit equitable tolling "when justice requires." *Millay v. Cam*, 135 Wash.2d 193, 206 (1998). "The predicates for equitable tolling are bad faith, deception, or false assurances by the defendant and the exercise of diligence by the plaintiff." *Id.* Courts "typically permit equitable tolling to occur only sparingly and should not extend it to a garden variety claim of excusable neglect." *State v. Robinson*, 104 Wn. App. 657, 667 (2001) (internal quotations omitted). Washington State also allows for a tolling period when a person is imprisoned on a criminal charge before sentencing.

*See* R.C.W. § 4.16.190; *see also Williams v. Holevinski*, 2006 WL 216705, *2 (E.D. Wash. July 31, 2006).

Here, the facts alleged in the complaint show plaintiff knew of the facts underlying at least some of his claims in 2003. If so, the three-year limitations period expired no later than 2006. Plaintiff also identifies an incident on September 17, 2022. A claim arising from that incident ordinarily would have would have become time-barred three years later, in September 2025.

Plaintiff did not apply for leave to proceed in forma pauperis until July 24, 2026, over twenty years after the limitations period expired as to the 2003 claims and about a year after the expiration of the limitations period for claims arising from the September 2022 incident.

Plaintiff has not alleged facts establishing statutory or equitable tolling that would render these claims timely. Therefore, plaintiff must show cause why these claims, that appear on the face of the complaint to be untimely under the relevant statute of limitations, should not be dismissed.

- **Exhaustion of Available Administrative Remedies**

The Prison Litigation Reform Act of 1995 ("PLRA") provides: "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

Exhaustion is a prerequisite to all prisoner lawsuits concerning prison life, whether such actions involve general conditions or episodes, whether they allege excessive force or some other wrong, and even if they seek relief not available in

grievance proceedings, such as money damages. *Porter v. Nussle*, 534 U.S. 516, 524 (2002).

Inmates are required to fully exhaust available administrative remedies; they also must exhaust those remedies in a timely manner; and they must abide by the administrative rules governing the internal grievance process. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). To effectively exhaust his administrative remedies, an inmate is required to use all the formal steps of the prison grievance process. *Griffin v. Arpaio*, 557 F.3d 1117, 1119 (9th Cir. 2009). Because the purpose of exhaustion is to give prison administrators a chance to resolve the issues, the inmate must exhaust each of his claims by bringing grievances that are detailed and factual, including enough specifics to notify officials of the alleged harm. *Id*. at 1120.

Plaintiff has attached with his complaint a sheet regarding the Prison Rape Elimination Act (PREA) investigation processes, but the twenty-four handwritten pages discuss various topics that are unrelated to a PREA claim. Dkt. 1-2, 17-41. It is unclear if plaintiff has exhausted his remedies. If he files an amended complaint, plaintiff should clarify whether he has filed grievances concerning the facts relating to any of the claims raised in his complaint and — if he has not – he must explain in detail why he has failed to do so. He should also attach a copy of the final grievance resolution for any grievance filed concerning facts related to his claims.

## CONCLUSION

Due to the deficiencies described above, the Court will not serve the complaint. If plaintiff intends to pursue this action, he must file an amended complaint to cure, if possible, the deficiencies noted herein, **on or before October 2, 2026**. As the proposed

complaint does not meet the requirements of Fed. R. Civ. P. 8, and does not state a claim for relief, under 28 U.S.C. § 1915, the Court would recommend to the District Judge that this case should be dismissed for failure to state a claim.

To avoid dismissal, the plaintiff is required to file an amended complaint and cure, if possible, the problems identified in this Order. Within the amended complaint, plaintiff must write a short, plain statement telling the Court: (1) the constitutional or statutory right plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of plaintiff's constitutional rights; and (5) what specific injury plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976). Each claim for relief must be simple, concise, and direct.

Plaintiff shall present the amended complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety and contain the same case number. It may not incorporate any part of the original complaint by reference.

The amended complaint will act as a complete substitute for the original complaint, and not as a supplement. Any fact or cause of action alleged in the original complaint that is not alleged in the amended complaint is waived. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *overruled in part on other grounds*, *Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012).

The Court will screen the amended complaint to determine whether it states a claim for relief. If the amended complaint is not filed at all, or is not timely filed, or fails to

adequately address the issues raised herein, the Court may recommend that the District Court dismiss this case.

The Clerk is directed to send plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service, a copy of this Order and the *Pro Se* Information Sheet.

Dated this 17th day of September, 2026.

Theresa L. Fricke
United States Magistrate Judge